O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
BRIAN LAWRENCE SNOKE,          ) NO. CV 11-6141-TJH (MAN)
                               )
            Petitioner,        ) ORDER:  DISMISSING PETITION
                               ) FOR WRIT OF HABEAS CORPUS;
     v.                        ) AND DENYING CERTIFICATE
                               ) OF APPEALABILITY
UNKNOWN,                       )
                               )
            Respondent.        )
_____)
```

Petitioner, a California state prisoner, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on July 26, 2011 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the allegations of the Petition are not cognizable. Therefore, the Petition must be dismissed.

The two-page Petition does not utilize or follow the format of the

Section 2254 habeas petition form that must to be used in this district. *See* Local Rule 83-16.1; *see also* Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. The Petition does not identify when and where Petitioner was convicted or identify when and how Petitioner exhausted any habeas claim(s) he purports to raise. The Petition also violates Rule 2(a) in that it fails to name a respondent against whom an order granting federal habeas relief could be issued. These defects are correctable. However, the underlying premise for the Petition is not, and thus, summary dismissal is required.

The Petition seeks the appointment of counsel to assist Petitioner in his efforts to obtain state habeas relief. He complains that the state courts, in his state habeas actions, failed to appoint attorneys or experts on his behalf, and he characterizes this failure as a violation of federal law. Petitioner asks that this Court order six named attorneys to provide legal services to him, on an "involuntary pro bono" basis, in his state habeas proceedings.

It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254; *see also* <u>Estelle v. McGuire</u>, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991)(same); <u>Smith v. Phillips</u>, 455 U.S. 209, 221, 102 S. Ct. 940, 948 (1982)(federal habeas courts "may intervene only to correct wrongs of constitutional dimension"). Absent an independent federal constitutional violation, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." <u>Estelle</u>, 502 U.S. at 68, 112 S. Ct. at 480; <u>Little v. Crawford</u>, 449 F.3d

1075, 1083 n.6 (9th Cir. 2006)(observing that a showing of a possible "'variance with the state law'" does not constitute a federal question, and that federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question'"; citation omitted); <u>Bonin v. Calderon</u>, 59 F.3d 815, 841 (9th Cir. 1995)(violation of a "state law right does not warrant habeas corpus relief").

Plaintiff's request does not state a cognizable basis for federal habeas relief. This Court does not have any jurisdiction to order attorneys to provide free representation to Petitioner against their wishes, much less in proceedings that are not pending in this Court. *See* <u>Mallard v. U.S. Dist. Court for Southern Dist. of Iowa</u>, 490 U.S. 296, 310, 109 S. Ct. 1814, 1823 (1989)(federal courts do not have the authority to make coercive appointments of counsel in civil cases).

The failure of the state courts to provide Petitioner with counsel also does not raise any issue of federal constitutional concern. It is well-established that federal habeas relief is not available to redress errors in state post-conviction proceedings. <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989)(*per curiam*)("a petition alleging errors in the state post-conviction review process is not addressable through [federal] habeas corpus proceedings"); *see also* <u>Ortiz v. Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998)(federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings"); <u>Gerlaugh v. Stewart</u>, 129 F.3d 1027, 1045 (9th Cir. 1997)(errors committed during state post-conviction proceedings are not

cognizable in a federal habeas action); <u>Villafuerte v. Stewart</u>, 111 F.3d 616, 632 n.7 (9th Cir. 1997)(claim that petitioner "was denied due process in his state habeas corpus proceedings" was not cognizable on federal habeas review). An attack on a petitioner's state post-conviction proceedings "is an attack on a proceeding collateral to the detention and not the detention itself." <u>Nicholas v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995). "Errors or defects in the state post-conviction proceeding do not . . . render a prisoner's detention unlawful or raise constitutional questions cognizable in [federal] habeas corpus proceedings." <u>Williams v. Missouri</u>, 640 F.2d 140, 143-44 (8th Cir. 1981).

Whether or not the state courts complied with California law or committed errors by declining to provide Petitioner with counsel and/or experts in his state habeas proceedings is not an issue that can be resolved under 28 U.S.C. § 2254. Petitioner's complaint about the process by which his state habeas actions were resolved simply is not cognizable through a federal habeas action.

The Petition, on its face, shows that Petitioner is not entitled to federal habeas relief, and thus, summary dismissal is required pursuant to Rule 4. Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this

1  case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
2  85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
3  certificate of appealability is unwarranted, and thus, a certificate of
4  appealability is DENIED.

6  DATED: <u>January 23, 2012</u>

8  _____
   TERRY J. HATTER, JR.
   UNITED STATES DISTRICT JUDGE

10 PRESENTED BY:

12 _____
   MARGARET A. NAGLE
13 UNITED STATES MAGISTRATE JUDGE

5